IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA R. CHAMBERS,

    Plaintiff,

vs.                                                                     Civ. No. 02-1018 JP/LAM

THOMAS R. BROOKSBANK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On July 25, 2003, the Court entered a Judgment Pursuant to Offer of Judgment (Doc. No. 22).  Judgment was entered against the Defendant "in the amount of $1,500, plus costs through April 30, 2003, and Plaintiff's attorney's fees in an amount to be determined by the Court."  On August 11, 2003, the Plaintiff filed Plaintiffs' Motion for Award of Attorney Fees (Doc. No. 23).  The Defendant filed Defendant's Objection to Plaintiff's Application for Award of Attorney's Fees and Costs (Doc. No. 24) on August 20, 2003.  The Plaintiff did not file a reply brief.  Having reviewed the briefs and the relevant law, the Court determines that the Plaintiff's Motion for Award of Attorney Fees should be granted in part.

A.  Background

This is a federal Fair Debt Collection Practices Act (FDCPA) case arising from a state court debt collection action brought by the Defendant as the attorney for Ford Motor Credit Company against the Plaintiff.   While this federal case was pending, the Plaintiff filed a second FDCPA case against the Defendant in federal court, Civ. No. 03-0073 BB/RHS, because the Defendant appeared to be avoiding service of process in the first federal FDCPA case and the one year statute of limitations was going to expire.  Once the Defendant was properly served in the

first federal FDCPA case, the parties stipulated to dismissing the second federal FDCPA case without prejudice.  The Court dismissed the second federal FDCPA case on April 11, 2003.  On April 30, 2003, the Defendant made an offer of judgment with respect to the first federal FDCPA case.  The Plaintiff accepted the offer of judgment and the parties agreed to have the Court determine the Plaintiff's attorney's fees and costs.  *See* 15 U.S.C. §1692k(a)(3)(when a plaintiff is successful in an FDCPA action the plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court.").

Plaintiff's attorney, Alfred Chavez, claims that he worked 33.68 hours at a rate of $200.00 an hour and that his paralegal worked 1.25 hours at a rate of $95.00 an hour.  According to Mr. Chavez, costs and expenses including tax amounted to $720.94.  Mr. Chavez calculates that reasonable attorney's fees, with a gross receipts tax of $398.43, and costs total $7,974.12.

The Defendant objects to Mr. Chavez's calculation of attorney's fees and costs for several reasons.  First, the Defendant objects to Mr. Chavez including attorney's fees for work performed in the state court case.  Second, the Defendant objects to Mr. Chavez including attorney's fees for work done in the second federal FDCPA case.  Third, the Defendant contends that Mr. Chavez's billing for attorney's fees reflected excessive hours.  Fourth, the Defendant contends that Mr. Chavez improperly billed attorney's fees for clerical tasks he performed.   Finally, the Defendant objects to Mr. Chavez including costs incurred after April 30, 2003 as well as including the filing fee for the second federal FDCPA case.  The Defendant argues that the Plaintiff should be awarded attorney's fees in the amount of $3,971.00 and costs in the amount of $541.60 for a total award of $4,512.60.

B.  Discussion

    1.  Attorney's Fees

"[T]he district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In statutory fee cases like this one, courts generally use the lodestar method to calculate attorney's fees. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 453-54 (10th Cir.), *cert. denied*, 488 U.S. 822 (1988). The lodestar method involves multiplying the reasonable hours the attorney spent on the case by a reasonable hourly rate. *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998)(citation omitted). The party seeking attorney's fees bears the burden of showing that both the hours spent on the case and the hourly rate are reasonable.[1] *Id*. If a paralegal's fee is not reflected in the attorney's fee, the court can award a paralegal's fee in the same manner as it would award an attorney's fee. *Id*.

        a.  Work Performed in the State Court Case

The Plaintiff argues that she is entitled to an award of attorney's fees related to the state court case for two reasons. First, the Plaintiff observes that the offer of judgment does not limit attorney's fees to the first federal FDCPA case. Second, the Plaintiff contends that the legal activity in the state court case was necessary to develop her FDCPA claim in federal court. In the alternative, the Plaintiff argues that if the Court does not award attorney's fees for the state court case, the Court should make a finding that the offer of judgment does not include attorney's fees for the state court case as either an element of damages or as part of the attorney's fees request. The Plaintiff does not cite to any legal authority to support her arguments in favor of an award of

---

[1] The Defendant does not argue that Mr. Chavez's hourly rate of $200 is unreasonable.

attorney's fees for work performed on the state court case.

The Defendant, on the other hand, notes that in *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. App. 1984) the state appellate court held that attorney's fees for a prior action establishing a violation of the FDCPA was an element of actual damages in the subsequent FDCPA case, and that debtors did not waive the right to collect those attorney's fees in the subsequent FDCPA case by not seeking them in the prior case. *Venes* provides support for the Defendant's argument that the Plaintiff is not entitled to attorney's fees for work performed on the state court case because the judgment of $1,500.00 already includes those attorney's fees as an element of actual damages. Consequently, the Plaintiff has not carried her burden of showing that the attorney's fees for work on the state court case are reasonable attorney's fees with respect to this federal court case. Additionally, the Court declines to entertain the Plaintiff's request, in the alternative, for a finding regarding the offer of judgment and its provision for a determination of attorney's fees. The wording of the offer of judgment and the judgment does not support Plaintiff's request.

b. Work Performed in the Second Federal FDCPA Case

The Plaintiff also argues that she is entitled to attorney's fees for the work performed in the second federal FDCPA case. Specifically, the Plaintiff contends that the second federal FDCPA case was necessary to maintain her FDCPA claim in the event that the Court did not extend the service of process deadline in the first federal FDCPA case or that the Court granted the Defendant's motion to dismiss filed in the first federal FDCPA case. The Plaintiff further notes that one of the contested billing entries, the entry on 1/15/03 for 2.00 hours, was for work performed in both federal FDCPA cases and should, therefore, be counted toward an award of

attorney's fees.[2]

The Defendant argues that since the Court dismissed the second federal FDCPA case without prejudice, the Plaintiff cannot recover attorney's fees incurred in that case. 15 U.S.C. §1692k(a)(3) provides for an award of reasonable attorney's fees in FDCPA cases when the action was successful. A stipulated dismissal without prejudice is not indicative of a successful FDCPA case. Under these circumstances, the Plaintiff has not carried her burden of showing that the attorney's fees incurred in the second federal FDCPA case are reasonable attorney's fees with regard to this case.

Moreover, the Plaintiff's argument that she is entitled to the attorney's fees for the 2.00 hours of work performed on 1/15/03 is without merit. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250 (citation omitted). The court can reduce an attorney's reasonable hours of work "if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id*. (citation omitted). In this case, the 1/15/03 billing entry fails to show how the two hours were allotted to the two federal FDCPA cases. Consequently, this imprecise billing entry will not be counted toward an award of attorney's fees.

---

[2]The 1/15/02 entry is described as follows: "Review statute of limitations, analyze options, draft & revise lawsuit #2, file lawsuit at federal courthouse with filing fee, prepare Summons & have Summons issued at Court, prepare Rule 4 service notices & waivers."

      c. Excessive Hours

The Defendant argues that the following billing entries are excessive: 1) the 1/13/03 billing entry for 3.00 hours ("Draft and revise motion to extend time period in which to serve Defendant, file with court, legal research on issues"); the 4/7/03 billing entry for 3.00 hours ("Prepare for hearing, prepare statement of facts for presentation, travel to court to arrive early & to clear security, attend hearing and confer with Defendant after hearing re settlement and issues, return to office"); and the 4/30/03 billing entry for paralegal work. The Defendant argues that the 1/13/03 billing entry should have reflected an hour of work by Mr. Chavez because the motion to extend time to serve the Defendant is a routine motion. The Defendant also argues that the 4/7/03 billing entry should have reflected an hour of work because the hearing lasted approximately ten minutes and the subsequent conversation with the Defendant lasted another 15 minutes. Finally, the Defendant argues that the 4/30/03 billing is insufficient because it fails to state the amount of time the paralegal worked.

The Plaintiff argues that the 1/13/03 billing entry is reasonable because Mr. Chavez had never before drafted a motion seeking an extension of time to serve process. In addition, the Plaintiff argues that the 4/7/03 billing entry is reasonable because Mr. Chavez felt he needed plenty of time to get to the hearing and the post-hearing discussions with the Defendant lasted more than 15 minutes. Finally, the Plaintiff contends that the paralegal time for the 4/30/03 billing entry was inadvertently left out of the billing entry but that the paralegal worked 1.25 hours that day.

Having considered the arguments of the parties with respect to the above billing entries, the Court finds that the 1/13/03 billing entry is reasonable; the 4/7/03 billing is excessive and

6

should be reduced to show 1.5 hours of work; and the 4/30/03 billing entry fails to reflect contemporaneous time keeping and should, therefore, be disregarded.

        d.  Clerical Tasks Performed by Mr. Chavez

The only remaining billing entry which the Defendant claims is a clerical task not subject to attorney's fees is the 3/25/03 billing entry for .40 hours Mr. Chavez spent on copying cases. Legal service rates are inapplicable to time spent on clerical duties like copying documents. *New Mexico Citizens for Clean Air and Water v. Española Mercantile Co., Inc.*, 72 F.3d 830, 835 (10th Cir. 1996).  Consequently, the Court will not allow attorney's fees for the .40 hours spent copying cases.

   2.  Costs and Expenses:  Costs Incurred After April 30, 2003 and the Filing Fee for the Second Federal FDCPA Case

The Plaintiff apparently does not object to disallowing the costs of the 5/1/03 and 5/5/03 faxes because the Plaintiff incurred those costs after April 30, 2003.  The Plaintiff, however, argues that the 5/12/03 FedEx cost was actually incurred in February 2003 but not paid until May 12, 2003.  The Court will allow the 5/12/03 FedEx cost to be assessed against the Defendant.

The Plaintiff also argues that she is entitled to the cost of the filing fee for the second federal FDCPA case.  As the Court has already indicated, the Plaintiff is not entitled to the attorney's fees for work performed on the second federal FDCPA case.  For the same reasons, the Plaintiff is not entitled to the costs she incurred in filing the second federal FDCPA case.

   3.  Conclusion

Based on the above discussion, the Court finds that the Plaintiff should be awarded reasonable attorney's fees in the amount of $4,227.25 and reasonable costs in the amount of

$563.44.

IT IS ORDERED that:

1. Plaintiffs' Motion for Award of Attorney Fees (Doc. No. 23) is granted in part; and

2. Defendant must pay the Plaintiff a total of $4,790.69 in reasonable attorney's fees and costs, plus the applicable gross receipts taxes, no later than November 10, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE